UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|   |   |
|---|---|
| QUIXTAR, INC., now known as AMWAY CORP., | Case No. 1:10-cv-720 |
| Plaintiff, | |
| v. | HONORABLE PAUL L. MALONEY |
| ORRIN WOODWARD, LAURIE WOODWARD, CHRIS BRADY, and TERRI BRADY, jointly and severally, | |
| Defendants. | |

# OPINION and ORDER

**Granting the Plaintiff's Motion to Remand the Case to State Court;
Denying without prejudice as moot the Motion to Dismiss the Complaint as Unripe;
Remanding the Case to Circuit Court for Kent County, Michigan;
Terminating and Closing the Case**

The defendants filed a notice of removal on July 28, 2010. On Friday, August 13, 2010, plaintiff Quixtar, Inc., now known as Amway Corp. ("Quixtar") filed a motion to remand this case to state court. "Under this court's rules, a motion to remand is not a dispositive motion . . . ." *Moscardelli v. Michigan Laborers Health Care Fund*, 2008 WL 762237, *4 (W.D. Mich. Mar. 19, 2008). Local Civil Rule 7.2 provides, in pertinent part, that

> Dispositive motions are motions for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim on which relief can be granted, to involuntarily dismiss an action, and other dispositive motions as defined by law.

W.D. MICH. LCIVR 7.2(a). In turn, W.D. MICH. LCIVR 7.3(a) provides that "[n]ondispositive motions are all motions not specifically listed in LCivR 7.2." Accordingly, Quixtar's motion to remand is a nondispositive motion, so the Woodwards and the Bradys had fourteen calendar days to file a response. *See McGee v. Barlow*, 2009 WL 3711920, *1 (W.D. Mich. Nov. 3, 2009) (citing W.D. MICH. LCIVR 7.3(c)). The fourteen days began the day after the plaintiff's remand motion was e-filed, i.e., on Saturday, August 14, 2010. Counting even weekends and holidays, *see* FED. R. CIV. P. 6(a)(1)(B), the fourteenth day fell on Friday, August 27, 2010; the defendants had to e-file any response brief by midnight on that date, and they neither did so nor sought an extension. Accordingly, the court proceeds to the merits of the plaintiff's remand motion without waiting further for an untimely response from the defendants.

### LEGAL STANDARD and DISCUSSION

Title 28 U.S.C. § 1441 authorizes defendants to remove cases to federal district court if there exists diversity or federal-question jurisdiction. Section 1441 provides, in its entirety:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court for the United States for the district and division embracing the place where the action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim of right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought.

Nothing in the record suggests the presence of a federal question which would confer removal

jurisdiction on this court under 28 U.S.C. § 1441(b); removal will be proper, therefore, only if the Quixtar originally could have brought the case here under this court's diversity jurisdiction, *see* 28 U.S.C. §§ 1441(a) and 1332.

**Removal is proper only if federal jurisdiction existed at the time of removal,** without considering subsequent events, whether caused by the plaintiff or beyond its control. *CMS North America, Inc. v. DeLorenzo Marble & Tile, Inc.*, 521 F. Supp.2d 619, 621 (W.D. Mich. 2007) (Maloney, J.) (*Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938) and *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000)); *see, e.g., Bennett v. MIS Corp.*, 607 F.3d 1076, 1084 (6th Cir. 2010) (Griffin, J.) (considering plaintiffs' contention that court lacked subject-matter jurisdiction due to the purported inapplicability of a federal-contractor defense, panel held that defendant "needed only to assert a 'colorable' federal defense *at the time of removal*.") (italics added), *reh'g & reh'g en banc denied* (6th Cir. July 29, 2010). *Cf. Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939) ("The second amended complaint should not have been considered in determining the right to remove, which . . . was to be determined according to the plaintiffs' pleading at the time of the petition for removal.") (citing, *inter alia*, *Barney v. Latham*, 103 U.S. (13 Otto) 205 (Oct. Term 1880)).

**The removing parties, here the Woodwards and the Bradys, bear the burden of establishing federal jurisdiction.** *Harnden,* 496 F.3d at 581 (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006)); *see also Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) ("The party seeking removal bears the burden of establishing its right thereto.") (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921)). This means that

a defendant seeking removal based on diversity must establish, by a preponderance of the evidence, each of the elements of diversity. *See Keller v. Hughes*, 2010 WL 3212049, *2 (S.D. Ohio Aug. 12, 2010) (on plaintiff's motion to remand, court required defendants to prove that they were completely diverse from the plaintiff at time of removal) (citing *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006)).

**Significantly, "all doubts should be resolved against removal."** *Harnden*, 496 F.3d at 581 (citing *Eastman*, 438 F.3d at 549-50); *see also Province of Ontario*, 874 F.2d at 339 ("The removal petition is to be strictly construed, with all doubts resolved against removal.") (citing *Wilson v. USDA*, 584 F.2d 137, 142 (6th Cir. 1978)). The United States Supreme Court has explained the rationale for this latter rule as follows:

> The power reserved to the [S]tates under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Healy v. Ratta*, 292 U.S. 263, 270 . . . .

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). In other words, removal statutes are strictly construed "to promote comity and preserve jurisdictional boundaries between state and federal courts." *Sheridan v. New Vista, LLC*, 406 F. Supp.2d 789, 792 (W.D. Mich. 2005) (Quist, J.) (citing *Alexander v. EDS Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)).

Title 28 U.S.C. § 1332 authorizes district courts to exercise diversity jurisdiction only when there is *complete* diversity of citizenship. *Wolf v. Bankers Life & Cas. Co.*, 519 F. Supp.2d 674, 678 (W.D. Mich. 2007) (Maloney, J.) (citing *Probus v. Charter Communications, LLC*, 234 F. App'x 404, 407 (6th Cir. 2007) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999))). Complete diversity exists only when no plaintiff and no defendant are citizens of the same state.

*Wolf*, 519 F. Supp.2d at 678 (citing *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (citing *Jerome-Duncan, Inc. v. Auto-by-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999))).

**Here plaintiff Quixtar alleges that at the time of removal, defendant Orrin Woodward was, like Quixtar, a citizen of Michigan, thus defeating diversity.** "For purposes of diversity jurisdiction, residency does not necessarily prove citizenship." *Wolf v. Bankers Life & Cas. Co.*, 519 F. Supp.2d 674, 676 n. 1 (W.D. Mich. 2007) (Maloney, J.) (citing *Deasy v. L & J Cty. Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002)). Citizenship is a matter not of residency but of domicile, *Gilbert v. David*, 235 U.S. 561 (1915), and "the burden of proving domicile rests with the party invoking the court's jurisdiction." *Vergote v. Dawson*, 2009 WL 94538, *6 (E.D. Mich. Jan. 13, 2009) (Sean Cox, J.) (citing, *inter alia*, *Kaiser v. Loomis*, 391 F.2d 1007, 1010 (6th Cir. 1968)). To acquire a domicile in a state, one "must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Wolf*, 519 F. Supp.2d at 676 n. 1 (citation and internal quotation marks omitted); *accord United Techs. Corp. v. Mazer*, – F.3d –, – n.16, 2009 WL 263329, *16 n.16 (11th Cir. Feb. 5, 2009) ("A . . . domicile is the place where a person has fixed an abode with the present intention of making it his or her permanent home.") (citations omitted).

**Quixtar presents uncontested proof that when Quixtar filed the original complaint in Kent County Circuit Court – August 10, 2007 – defendant Orrin Woodward was a citizen of Michigan.** On August 9, 2007, on the same day that Quixtar filed the original complaint in state court, Woodward and others filed a complaint in another federal district court which flatly stated "Plaintiff Orrin Woodward is a citizen of Michigan, residing in Grand Blanc." P's Motion to Remand, Ex C (Complaint filed Aug. 7, 2007 in C.D. Cal. Case No. CV07-05194) ¶ 3. As our

Circuit has held,

> "'under federal law, stipulations and admissions in the pleadings are generally binding on the parties and the court. * * *' *Ferguson v. Neighborhood Housing Services*, 780 F.2d 549, 551 (6th Cir. 1986) (citation omitted). 'Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.' *In re Fordson Engineering Corp.*, 25 B.R. 506, 509 (Bankr. E.D. Mich. 1982). *Factual assertions in pleadings* and pretrial orders, unless amended, *are considered judicial admissions conclusively binding on the party who made them.*"

*Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 829 (6th Cir. 2000) (quoting *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1998) (citation to Fifth Circuit omitted)) (italics added); *see also Christian Legal Society Chapter v. Martinez*, – U.S. –, –, 130 S.Ct. 2971, 3005 (2010) (J. Alito, dissenting o.g., joined by C.J. Roberts and JJ. Scalia & Thomas) (noting "the binding effect of a party's admissions in an answer") and *US v. Burns*, 109 F. App'x 52, 58 (6th Cir. 2004) (citing *American Title*, 861 F.2d at 226) (both citing *American Title*, 861 F.2d at 226). It is well established in our circuit that "'[p]leadings in a prior case may be used as evidentiary admissions.'" *Barnes*, 201 F.3d at 829 (quoting *Williams v. Union Carbide Corp.*, 790 F.2d 552, 556 (6th Cir. 1986)); *see, e.g., Mooney v. Central Motor Lines, Inc.*, 222 F.2d 572, 573 (6th Cir. 1955) ("Appellee Marlow was the agent, servant, and employee of the Central Motor Lines, Inc., *as appears from appellant's allegations in his complaint in the prior case . . . .*") (italics added).

The defendants have not contested the authenticity or admissibility of the attached copy of Woodward's August 9, 2007 Central District of California complaint. Having failed to file a response to the remand motion, the defendants have not presented evidence to show that Orrin Woodward, contrary to his contemporaneous written statement in the Central California complaint, was not a Michigan citizen when Quixtar filed its original complaint in Kent County Circuit Court in August 2007. Accordingly, the court finds that Orrin Woodward was a Michigan citizen when

Quixtar filed its original complaint in state court in this action, which means that the parties were not completely diverse when that action was initiated.

This is significant, because Title 28 U.S.C. § 1446(b) provides that

> [i]f the case stated *by the initial pleading* is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [diversity] more than 1 year after commencement of the action.*

Emphasis added. "A plain reading of this statute dictates that if a case is not initially removable, it cannot be removed on the basis of diversity jurisdiction more than one year after its commencement." *Fortner v. K-V-A-T Food Stores, Inc.*, 2009 WL 4573761, *2 (E.D. Tenn. Dec. 2, 2009). In other words, "the one-year time limitation for removal of diversity cases under § 1446(b) is a jurisdictional bar." *Brock v. Syntex Labs., Inc.*, Nos. 92-5740 and 92-5766, 7 F.3d 232, 1993 WL 389946, *1 (6th Cir. Oct. 1, 1993) (per curiam) (Keith, Jones, Peck) (calling the language of section 1446(b) "unmistakably clear" on this score), *followed by Bearup v. Milacron*, 2002 WL 482548, *3 (E.D. Mich. Feb. 28, 2002) (Hood, J.) (collecting Sixth Circuit district-court decisions so holding) and *Ellis v. Gavin*, 2006 WL 897987 (E.D. Tenn. Apr. 5, 2006) (Mattice, J.); *see also Jones Mgmt. Servs., LLC v. KES, Inc.*, 296 F. Supp.2d 892, 894-95 (E.D. Tenn. 2003) (Richard Alan Edgar, C.J.). *Accord Lovern v. GMC*, 121 F.3d 160, 163 (4th Cir. 1997) (section 1446(b) "erect[s] an absolute bar to removal of cases in which jurisdiction is premised on 28 U.S.C. § 1332 more than one year after commencement of the [state-court] action.").

Quixtar filed the original complaint in state court in August 2007. Thus, under section 1446(b), if the defendants wished to remove the case to federal court on the basis of purported

diversity jurisdiction, they had to do so by the same date August 2008; instead, the defendants did not file their removal notice until July 2010, nearly two years too late. On this basis the case must be remanded to state court.[1]

**ORDER**

Plaintiff's motion to remand the case to state court **[Document #8] is GRANTED.**

Defendants' motion to dismiss as unripe **[Doc #5] is DENIED without prejudice as moot**.

Due to lack of subject-matter jurisdiction, this case is **REMANDED** to the Circuit Court for Kent County, Michigan pursuant to 28 U.S.C. § 1447(c).[2]

This case is **TERMINATED and CLOSED**.

This order is final but not appealable. With exceptions not applicable here, "[a]n order remanding the case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." 28 U.S.C. § 1447(d).[3]

---

[1] With the defendants not having filed a responsive pleading, Quixtar amended its complaint as of right. Quixtar filed the first amended complaint in the Kent County Circuit Court in the instant case on July 26, 2010. The first amended complaint contains no allegations about the citizenship of the individual defendants, *see* Doc 1-2.

[2] A FED. R. CIV. P. 58 Judgment is not necessary, because a remand to state court does not constitute a judgment in favor of any party. *See Zanke-Jodway v. Capital Consultants, Inc.*, 2009 WL 1286219, *4 n.6 (W.D. Mich. Mar. 30, 2010) ("A Rule 58 Judgment is not necessary, because the remand of the remaining state-law claims does not constitute a judgment in favor of any party.").

[3] *See Hertz Corp. v. Friend*, – U.S. –, –, 130 S.Ct. 1181, 1187 (2010) (unanimous) (referring to "the general jurisdictional rule that remand orders are 'not reviewable on appeal'"); *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, – U.S. –, –, 129 S.Ct. 1862, 1864-65 (2009) (Thomas, J.).

**IT IS SO ORDERED** on this  14th day of September 2010.

                                                                  /s/ Paul L. Maloney
                                                                  Honorable  Paul L. Maloney
                                                                  Chief United States District Judge